UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.   No. 13-cr-1138

MORRELL K. TONEY, a.k.a. "John
Doe, Toney Morrell, Tony Morrell,
Morrell Toney,"

    Defendant.

## MEMORANDUM OPINION AND ORDER

On January 14, 2015, Defendant pleaded guilty to a one-count Indictment (Doc. No. 1) charging him with violating 18 U.S.C. §§ 922(g)(1) & 924(a)(2) by being a felon in possession of a firearm and ammunition. *See* Doc. No. 61 (Plea Agreement) at 3. On January 22, 2015, the Court sentenced Defendant to 66 months in federal prison in accordance with the Fed. R. Crim. P. Rule 11(c)(1)(C) agreement between the United States and Defendant. *See* Doc. No. 65 (Judgment), entered January 23, 2015. On January 30, 2015, Defendant filed a MOTION TO AMEND JUDGMENT (Doc. No. 66) (Motion to Amend), asking the Court to amend the Judgment to recommend that the Federal Bureau of Prisons (BOP) "credit [Defendant] under 18 U.S.C. § 3585(b) for the time he has been in custody in the Torrance County Detention Facility and the Metropolitan Detention Center since November 13, 2013…." On February 3, 2015, the United States filed a sealed RESPONSE (Doc. No. 67) in opposition to the Motion to Amend. The Court has also received an addendum to Defendant's presentence report from the United States Probation Office. For the following reasons, the Court will deny the Motion to Amend.

## BACKGROUND

On November 21, 2012, the State of New Mexico arrested Defendant on various felony charges, including felon in possession of a firearm. Motion to Amend at 1. On April 9, 2013, a Sealed Indictment (Doc. No. 1) was filed in Federal Court charging Defendant with being a felon in possession of a firearm. On November 5, 2013, the Court issued a Writ of Habeas Corpus Ad Prosequendum (Doc. No. 6) ordering the sheriff or warden of Bernalillo County Metropolitan Detention Center (MDC) to deliver up Defendant for prosecution on the charges in the Sealed Indictment. On November 13, 2013, Defendant was arraigned and pleaded not guilty to the charges in the Sealed Indictment. *See* Doc. No. 8.

From November 13, 2013 to March 11, 2014, Defendant was held by the U.S. Marshals Service at the Torrance County Detention Facility. Motion to Amend at 2. On March 11, 2014 Defendant was taken to MDC, where he was detained by the State. *Id.* Defendant remained at MDC until November 20, 2014, when he was returned to this Court for a motion hearing. Between November 20, 2014 and January 22, 2015, Defendant was "shuttled between the [MDC] and Torrance County Detention Facility for his guilty plea hearing and sentencing in U.S. District Court and detention on the State of New Mexico case." *Id.*

Defendant argues that under 18 U.S.C. § 3585(b), the BOP is required to credit Defendant for the time he served between the date he was brought before this Court on the Writ of Habeas Corpus Ad Prosequendum and the date he pleaded guilty. Motion to Amend at 4. The United States responds that if Defendant is convicted for related State offenses, he will be credited by the State with the time he has already served, including time spent in the custody of

2

the U.S. Marshals Service. If this happens, the United States argues, then § 3585 prohibits crediting Defendant with time already served.

## STANDARD OF REVIEW

Defendant does not ask the Court to correct a "clear error" in a sentence under Fed. R. Crim. P. 35(b). Instead, Defendant asks the Court to "amend the Judgment…." Motion to Amend at 1. But the Federal Rules of Criminal Procedure do not provide for motions to alter or amend judgments. Courts that entertain such motions tend to evaluate them under the rubric of Fed. R. Civ. P. 59(e). *See*, *e.g.*, *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014); *United States v. D'Armond*, 80 F.Supp.2d 1157, 1170 (D.Kan. 1999). A motion to reconsider under Fed. R. Civ. P. 59(e) should only be granted when there is "(1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Defendant has not argued why amendment of the Judgment is proper under Rule 59(e). There has been no intervening change in controlling law (the Judgment is little over a week old), and there is no newly-available evidence that would justify modifying the Judgment. Plaintiff concedes that the Judgment is not clearly erroneous because the Court entered the term of imprisonment the parties agreed to under Rule 11(c)(1)(C). *See* Motion to Amend at 5. Thus, by process of elimination, Defendant appears to argue that inserting a recommendation to the BOP to give Defendant credit for time already served is necessary to correct manifest injustice.

## DISCUSSION

18 U.S.C. § 3585 provides:

> (a) Commencement of Sentence.— A sentence to a term of imprisonment commences on the date the defendant is

3

>> received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for Prior Custody.— A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

Defendant argues that under 18 U.S.C. § 3585(b)(1), the BOP is required to credit Defendant for the time he served in prison—whether in custody of the U.S. Marshals Service or the State of New Mexico—from the date he was brought to Federal Court on the Court's Writ of Habeas Corpus Ad Prosequendum to the date the Judgment was entered. Motion to Amend at 3.

The United States offers three arguments in response: First, crediting Defendant with his pretrial confinement is premature given the status of his pending State charges. If Defendant is subsequently convicted in New Mexico State Court and his State sentence credits him for his time spent in pretrial confinement, then § 3585 would not permit credit against his Federal Court sentence by its plain text. Second, the United States argues that recommending credit for time served would be an improper show of lenience given the factual circumstances which gave rise to Defendant's State charges. Finally, the United States argues that the Court has no authority to grant sentence credits in the first instance because § 3585 assigns that power to the Attorney General through the BOP.

The text of § 3585 appears to foreclose the United States' first argument: it says that the BOP "shall" give credit for "any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed…that has not

*been credited* against another sentence." (emphasis added). Under the plain text of the statute, the BOP is required to give Defendant credit for his pretrial confinement unless some other court has *already* given him credit for that time.[1]

The United States' second argument is inapposite. The United States entered into a Rule 11(c)(1)(C) agreement with the Defendant. The United States was free to refuse to enter into such an agreement based on the gravity of the alleged conduct underlying Defendant's State charges. But having entered into the agreement, it now binds both the Defendant and the United States. And having accepted the agreement, the Court is now bound by it as well. Therefore, the factual circumstances giving rise to Defendant's agreement and the sentence it imposes is irrelevant to Defendant's Motion to Amend.

This brings the Court to the United States' third and final argument, that the Court does not have jurisdiction to entertain Defendant's Motion to Amend. "A district court does not have inherent authority to modify a previously imposed sentence; it may only do so pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). And because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, it must fall under either 18 U.S.C. § 3582(c) or Fed. R. Crim. P. 36. Rule 36 cannot apply, because Defendant is not arguing that the Court's failure to include a recommendation to the BOP that Defendant be given credit was a clerical error or oversight. Thus, by process of elimination once more, Defendant's Motion (to the extent it seeks a modification of his sentence) must be evaluated under § 3582(c).

---

[1] This does not mean that the Court may order BOP at the time of sentencing to give credit under § 3585, however. This is because at the time of sentencing, there is no way for the Court or BOP to know when a defendant's sentence will commence or if another court will credit defendant for his pretrial confinement. If the Court were responsible for imposing credit under § 3585 at sentencing, then a defendant's eligibility would be arbitrarily determined based on the date of the defendant's sentencing, not the defendant's substantive entitlement to credit. *See United States v. Wilson*, 503 U.S. 329, 334 (1992) ("We can imagine no reason why Congress would desire the presentence detention credit, which determines how much time an offender spends in prison, to depend on the timing of his sentencing.").

Under 18 U.S.C. § 3582, a court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the [BOP]"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the [BOP]," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2). Avenues (1) or (3) do not apply in this case because the BOP has not made a motion to modify the sentence and the United States Sentencing Commission has not lowered the guideline sentence for Defendant's conviction.[2]

Thus, Rule 35 or another statute is the only avenue for modification of Defendant's sentence. But Defendant's Motion to Amend does not ask the Court to correct his sentence under Fed. R. Crim P. 35(a), because there is no "arithmetical, technical, or other clear error" in the sentence imposed by the Judgment. *See* Fed. R. Crim. P. 35(a).

This leaves 18 U.S.C. § 3585 itself. But the BOP has "exclusive authority…under 18 U.S.C. § 3585(b) to grant credit for time served under certain circumstances…." U.S.S.G. § 5G1.3(d) cmt. (n.5); *see also United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the BOP has the power to grant sentence credit [under § 3585] in the first instance."). This means that "[u]ntil the Attorney General, through the [BOP], makes a § 3585(b) determination, the matter is not ripe for review and the Court lacks jurisdiction." *United States v. Chadburn*, No. 2:12-CR-149-TS, 2015 WL 213290 at *2 (D. Utah January 14, 2015) (citing *Jenkins*, 38 F.3d at 1144).

Defendant attempts to dodge this Court's apparent lack of jurisdiction to modify his sentence by arguing that he is not really asking for a sentence modification at all. Instead, he is

---

[2] Even if the Sentencing Commission lowered Defendant's guidelines sentencing range, he would be almost certainly ineligible for relief under 18 U.S.C. § 3582 because his sentence was the result of a plea agreement under Fed. R. Crim. P. 11(c)(1)(C). *See United States v. Trujeque*, 100 F.3d 869, 869 (10th Cir. 1996).

merely asking the court to "recommend" to the BOP that it give him credit for his pretrial detention. Motion to Amend at 1. But the Court does not see the propriety of issuing such a recommendation. Since the BOP has exclusive authority to decide whether to issue a credit under § 3585 in the first instance, a recommendation from this Court that it do so would be an invitation to either ignore the recommendation or relinquish that authority.

In sum, if the BOP elects not to credit Defendant for his time spent in pretrial confinement, he is free to challenge that determination through available administrative remedies, and after exhausting those, a collateral attack on the sentence. *United States v. Woods*, 888 F.2d 653, 654 (10th Cir. 1989). But until that happens, issuing a recommendation to the BOP that it give Defendant credit for his pretrial confinement would be no more than an opinion "advising what the law would be upon a hypothetical state of facts[,]" a request this Court may not grant. *Chafin v. Chafin*, --- U.S. ---, 133 S.Ct. 1017, 1023, 185 L.Ed.2d 1 (2013) (quotation, alterations omitted).

## CONCLUSION

The Court did not have the power at sentencing to credit Defendant's time in federal custody against his sentence with a downward variance because Defendant's sentence was set by his Rule 11(c)(1)(C) agreement. And Rules 35 and 36 do not permit modification of Defendant's sentence to include a recommendation that the BOP credit Defendant for time he served in custody of the U.S. Marshals Service, because the absence of such a recommendation in the Judgment was not an error, much less a "clear" or "clerical" one. Nor does any other rule or statute give this Court jurisdiction to modify Defendant's sentence to credit him for time served before sentencing or to include a recommendation that the Bureau do so. Finally, the Court has

an independent prudential concern that issuing such a recommendation would amount to a prohibited advisory opinion.

IT IS THEREFORE ORDERED that Defendant's Motion to Amend is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE